SUMMARY ORDER
Defendant-appellant Norddeutsche Lan-desbank Girozentrale (“NORD/LB”) appeals from an amended judgment entered July 18, 2008, awarding plaintiff back pay, compensatory damages, punitive damages, attorneys’ fees, and costs after a jury trial. Plaintiff-appellee cross appeals from the judgment insofar as it reduces the jury’s punitive damages award to $600,000. We assume the parties’ familiarity with the facts, procedural history, and issues on appeal.
We review a district court’s evidentiary rulings under a deferential abuse of discretion standard “and give district court judges wide latitude in determining whether evidence is admissible at trial.” Meloff v. N.Y. Life Ins. Co., 240 F.3d 138, 148 (2d Cir.2001) (internal quotation marks omitted). Moreover, under Rule 61, an error in admitting evidence is not grounds for granting a new trial unless the error affects a party’s “substantial rights.” Fed. R.Civ.P. 61. ‘Whether an evidentiary error implicates a substantial right depends on the likelihood that the error affected the outcome of the case.... [A]n eviden-tiary error in a civil case is harmless unless [the appellant demonstrates that] it is likely that in some material respect the factfinder’s judgment was swayed by the error.” Tesser v. Bd. of Educ., 370 F.3d 314, 319 (2d Cir.2004) (second alteration in original; citations and internal quotation marks omitted). After thoroughly reviewing the trial record in this case, we conclude that none of the evidentiary rulings that NORD/LB challenges on appeal were an abuse of discretion. We also conclude that the district court did not err in permitting Zakre to present a hostile work environment claim to the jury.
We review a lower court’s determination of the constitutionality of a punitive damages award de novo, Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 436, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001), deferring to the district court’s findings of fact unless they are clearly erroneous, Motorola Credit Corp. v. Uzan, 509 F.3d 74, 81 (2d Cir.2007). A punitive damages award will not be upheld where it is so “grossly excessive” that it arbitrarily deprives the defendant of property. See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416-17, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). In BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), the Supreme Court set forth three categories of factors to be considered in assessing the validity of a punitive damage *631 award. These factors include:. (1) the degree of reprehensibility of the defendant’s misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. Id. at 574-75, 116 S.Ct. 1589.
The district court properly analyzed the degree of reprehensibility of NORD/LB’s misconduct and the disparity between the actual harm suffered by Zakre and the punitive damages award in this ease. As to the third BMW factor, while Title VII does not provide for civil penalties, the New York City Administrative Code provides for civil penalties of no more than $125,000 for an unlawful discriminatory practice and no more than $250,000 if the discriminatory practice was the result of a “willful, wanton or malicious act” or if discriminatory harassment or violence occurred. N.Y. City Admin. Code § 8-126(a). Therefore, the district court did not err in reducing the punitive damages award in this case to $600,000.
We have considered all of NORD/LB’s arguments and find them without merit. Therefore, the judgment of the district court is AFFIRMED.